# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| EARNEST J. FILES, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 2:21-cv-00109-ACA-HNJ |
| ) | |
| KENNETH PETERS, III, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Earnest J. Files, Jr., an Alabama state prisoner proceeding *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1). On January 25, 2021, the magistrate judge ordered Mr. Files to show cause why his petition should not be dismissed as successive, pursuant to 28 U.S.C. § 2244(b). (Doc. 2). Mr. Files did not respond to the order to show cause. The magistrate judge then entered a report and recommendation, recommending that the court dismiss this action without prejudice for lack of jurisdiction. (Doc. 3).

The magistrate judge advised Mr. Files of right to file specific, written objections to the report and recommendation within 14 days. (*Id.* at 5–6). Mr. Files has not filed any objections to the report and recommendation, but he did file an amended petition for writ of habeas corpus. (Doc. 4). Mr. Files' amended petition

raises the same claims he raised in his original petition in this action, as well as his previously dismissed habeas petition and civil rights actions.[1]  (*Id.*).

As the magistrate judge explained, Mr. Files' instant habeas petition is a successive application, and he has not received authorization from the Eleventh Circuit to file such a petition, as required by 28 U.S.C. § 2244(b).  (Doc. 3 at 2–5).  Until Mr. Files obtains authorization from the Eleventh Circuit, this court lacks jurisdiction to consider his successive habeas petition.  *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016) ("[W]hen a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it.").  And nothing in Mr. Files' amended petition changes the result.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation, the court **ADOPTS** the report and **ACCEPTS** the recommendation.  The court **WILL**

---

[1] *See e.g.*, *Files v. King*, Case No. 1:16-cv-01952-LSC-HNJ (civil rights action challenging legality of arrest warrant); *Files v. King*, Case No. 1:17-cv-01632-KOB-HNJ (civil rights action challenging legality of arrest warrant); *Files v. Gordy*, 2:18-cv-01346-LSC-HNJ (habeas petition challenging legality of arrest warrant); *Files v. Kilgore*, 1:17-cv-01881-KOB-HNJ (civil rights action challenging legality of arrest warrant); *Files v. Giddens*, 2:20-cv-00281-RDP-HNJ (civil rights action challenging legality of arrest warrant).  Mr. Files' amended petition does not mention these actions by name or case number.  But the court has compared the allegations in the amended petition to the allegations in Mr. Files' other cases and notes their similarity.  *See United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

**DISMISS WITHOUT PREJUDICE** Mr. Files' petition for a writ of habeas corpus for lack of jurisdiction.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this March 29, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE